# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br><br>3 BROTHERS, L.L.C., AND PATRICIA MEZLINI on behalf of herself and her late husband, MOHAMED MEZLINI<br>Defendants. | * CIVIL ACTION NO.: 2:20-cv-00326<br>*<br>*<br>*<br>* JUDGE:<br>*<br>*<br>*<br>* MAGISTRATE JUDGE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Evanston Insurance Company ("Evanston"), hereby files the instant Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure against defendants, 3 Brothers, L.L.C. ("3 Brothers"), and Patricia Mezlini, on behalf of herself and her late husband, Mohamed Mezlini ("Mezlini"), for the purpose of determining a question of actual, immediate controversy between the parties. In support thereof, Evanston states as follows:

## PARTIES

1. Plaintiff, Evanston, is a corporation domiciled in Illinois with its principal place of business in Illinois.

2. Defendant, 3 Brothers, is a Louisiana limited liability company. The members of 3 Brothers are Mohammad Murad and Rima Murad, both individuals domiciled in Jefferson Parish, Louisiana, whose address is 525 Lynnmeade Road, Gretna, Louisiana 70056.[1] The

---

[1] Exhibit 1, Printout from Louisiana Secretary of State regarding 3 Brothers.

registered agent of 3 Brothers is Mohammed Murad, 525 Lynnmeade Road, Gretna, Louisiana 70056.[2]

3.      Defendant, Mezlini, is an individual domiciled in Jefferson Parish, Louisiana,[3] whose address is 547 Diplomat Street, Terrytown, Louisiana 70056.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs.

5.      Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391 because defendants reside in this district and a substantial part of the events or omissions giving rise to the claims asserted below occurred within this district.

## NATURE OF THE CLAIM

6.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case and controversy between the parties regarding the parties' respective rights and obligations under a certain policy of commercial general liability insurance issued by Evanston to 3 Brothers as the named insured, specifically, Policy No. 3AA178553 with a policy period of June 30, 2018 to June 30, 2019 ("Policy").[4]

7.      Evanston seeks a judgment declaring that it has no duty to provide coverage, and no duty to defend or indemnify 3 Brothers, under the Policy with respect to the claims asserted by

---

[2] Exhibit 1, Printout from Louisiana Secretary of State regarding 3 Brothers.
[3] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, opening paragraph.
[4] Exhibit 3, Policy, Declarations, Bates p. EVANSTON 000006.

Mezlini against 3 Brothers in the underlying state court litigation, *Patricia Mezlini, on behalf of herself and her late husband Mohamed Mezlini v. Saleh Omar, Yazan Omar, Omar Omar, 3 Brothers, L.L.C., ABC Property Management Company, Does 1-10, and XYZ Insurance Company,* No. 799161, Div. K, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana ("Underlying Lawsuit").[5]

## FACTUAL BACKGROUND

8. On or about September 6, 2019, Mezlini commenced the Underlying Lawsuit by filing a Petition for Damages for Survival and Wrongful Death ("Petition") against Saleh Omar, Yazan Omar, Omar Omar, 3 Brothers, and fictitious defendants ABC Property Management Company, Does 1-10, and XYZ Insurance Company.[6]

9. In the Underlying Lawsuit, Mezlini seeks to recover for the injuries and death of her husband, Mohamed Mezlini, who allegedly died following a September 8, 2018 attack committed by Saleh Omar with the assistance of his brothers, Yazan Omar and Omar Omar, on property owned by 3 Brothers.[7]

10. Mezlini alleges that her husband was brutally attacked and killed by Saleh Omar.[8] She further alleges that Yazan Omar held her husband down while Saleh Omar wrapped duct tape around his body.[9] Mezlini claims her husband was found unconscious inside a vacant suite adjacent to Saleh Omar's store, Wireless Hub, located at 93 Terry Parkway, Gretna, Louisiana, with duct tape around his head and body.[10] The Jefferson Parish coroner allegedly confirmed that

---

[5] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death.
[6] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 1.
[7] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 17-32.
[8] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 17-18.
[9] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 19.
[10] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 17.

Mr. Mezlini was strangled and suffocated and suffered blunt force trauma.[11] According to the Petition, Mezlini's husband was tortured, left for dead, and then brought to the hospital where he later perished.[12]

11.  Mezlini alleges that 3 Brothers owns 93 Terry Parkway, and that the Omar brothers maintained at least three suites at 93 Terry Parkway and had access to Suite 8 where the incident took place.[13]

12.  Mezlini claims that 3 Brothers was negligent in several respects including failing to provide adequate safety and security features for the property, failing to restrict access to the property, failing to provide adequate lighting, failing to provide warning signs, failing to provide security guards, failing to follow operating procedures, failing to train employees in security procedures, and failing to properly manage to property.[14]

13.  Evanston is currently defending 3 Brothers against Mezlini's claims in the Underlying Lawsuit pursuant to a complete reservation of rights.[15]

## THE POLICY

14.  Evanston issued a commercial general liability policy to 3 Brothers bearing Policy No. 3AA178553 with a policy period of June 30, 2018 to June 30, 2019 ("Policy").[16]

15.  The Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability Insuring Agreement in the Policy provides:

> **Insuring Agreement**
> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage"[17] to which this

---

[11] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 17.
[12] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 21.
[13] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 27.
[14] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 30.
[15] Exhibit 4, Reservation of Rights letter.
[16] Exhibit 3, Policy, Declarations, Bates p. EVANSTON 000006.
[17] "Property damage" is not at issue in this case.

    insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
    (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:
    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    (2) The "bodily injury" or "property damage" occurs during the policy period; and
    (3) Prior to the policy period, no insured listed under Paragraph 1 of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury' or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1 of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have occurred at the earliest time when any insured listed under Paragraph 1 of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".[18]

16. The Policy defines "bodily injury" as follows:

"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.[19]

17. The Policy defines "occurrence" as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.[20]

18. The Policy contains an Exclusion – Assault or Battery Endorsement, which provides:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – ASSAULT OR BATTERY**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
…
A. Paragraph 2. Exclusions under Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM… is amended as follows:
  1. Paragraph a. Expected or Intended Injury is replaced by the following:
     This insurance does not apply to:
     **Expected or Intended Injury**
     "Injury" expected or intended from the standpoint of the insured.
  2. The following exclusion is added:
     **Assault or Battery**
     "Injury" arising out of "assault or battery", or any act or omission in connection with the prevention or suppression of "assault or battery", whether caused by or at the instigation or direction of:
     (1) Any insured;
     (2) Any "employee" of the insured;
     (3) A patron of the insured; or
     (4) Any other person.

---

[18] Exhibit 3, Policy, Commercial General Liability Form, Bates p. EVANSTON 000017.
[19] Exhibit 3, Policy, Commercial General Liability Form, Bates p. EVANSTON 000029.
[20] Exhibit 3, Policy, Commercial General Liability Form, Bates p. EVANSTON 000031.

      This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training, monitoring of others, or failure to protect or warn others, by a person described in Paragraphs (1) through (4) above.

B. The following is added to the Definitions section:
   1. The following definition is added to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM…:
      "Assault or battery" means:
      a. Any attempt or threat to inflict "injury" to another person or the property of another person including any conduct or action that could reasonably place such person in apprehension of such "injury"; or
      b. The intentional or reckless physical contact with or any use of force against a person without his or her consent that results in "injury" or offensive or abusive touching, whether or not the actual "injury" inflicted was intended or expected. The use of force includes, but is not limited to, the use of a weapon.
      
      "Assault or battery" includes "injury" resulting from the use of reasonable force to protect persons or property.
   2. The following definition is added to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM:
      "Injury" means damages because of "bodily injury" and "property damage", including damages for care, loss of services or loss of support.

All other terms and conditions remain unchanged.[21]

## COUNT I - DECLARATORY RELIEF ON THE DUTY TO DEFEND

19. Evanston adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

20. An actual, present and existing controversy exists between the parties to this lawsuit. Evanston is currently defending 3 Brothers against Mezlini's claims in the Underlying Lawsuit pursuant to a complete reservation of rights.[22] Evanston maintains that it has no duty to continue defending 3 Brothers against Mezlini's claims.

---

[21] Exhibit 3, Policy, Exclusion – Assault or Battery endorsement, Bates p. EVANSTON 000043 - 44.
[22] Exhibit 4, Reservation of Rights Letter.

21.     Particularly, Evanston contends, based on the four corners of Mezlini's Petition and the four corners of the Policy, the Assault or Battery Exclusion unambiguously bars coverage for Mezlini's claims against 3 Brothers.

22.     Mezlini's Petition alleges that her husband's injuries and eventual death were caused by the brutal attack committed by Saleh Omar.[23]  Mezlini's Petition alleges that 3 Brothers was negligent in failing to prevent the attack.[24]

23.     Accepting Mezlini's allegations as true, coverage is unambiguously excluded by the Assault or Battery Exclusion, which precludes coverage for injury arising out of assault or battery or any act or omission in connection with the prevention or suppression of assault or battery, whether caused by or at the instigation or direction of any insured, any employee of the insured, a patron of the insured, or any other person.[25]

## COUNT II – DECLARATORY RELIEF ON THE DUTY TO INDEMNIFY

24.     Evanston adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

25.     Mezlini has asserted claims for damages arising from the injuries and death of her husband sustained as a result of the attack by Saleh Omar, and seeks recovery from 3 Brothers.

26.     For the same reasons that Evanston has no duty to defend, Evanston has no duty to provide coverage for any damages that may be awarded in favor of Mezlini, and no duty to indemnify 3 Brothers for any judgment that may be rendered against it or any settlement reached in connection with the Underlying Lawsuit.  Particularly, the Assault or Battery Exclusion unambiguously bars coverage for Mezlini's damages.

---

[23] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 17-18.
[24] Exhibit 2, Mezlini's Petition for Damages for Survival and Wrongful Death, ¶ 30.
[25] Exhibit 3, Policy, Exclusion – Assault or Battery endorsement, Bates p. EVANSTON 000043.

27.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Evanston seeks a judicial declaration of its rights and obligations under the Policy with respect to the claims asserted by Mezlini against 3 Brothers in the Underlying Lawsuit. The Court's declaration will confer certainly on the parties and will serve the interests of justice.

WHEREFORE, Evanston respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including, but not limited to, the following:

(a)     The Policy does not afford coverage for Mezlini's claims asserted against 3 Brothers in the Underlying Lawsuit;

(b)     Evanston has no duty to indemnify 3 Brothers for any judgment rendered against it or any settlement reached in connection with the Underlying Lawsuit; and

(c)     Evanston has no duty to continue defending 3 Brothers against Mezlini's claims in the Underlying Lawsuit.

Respectfully submitted,

*/s/Heather N. Sharp*_____
**Seth A. Schmeeckle** (La. Bar No. 27076)
**Heather N. Sharp, La. Bar No. 29987**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990/Facsimile: 504-310-9195
Email: sschmeeckle@lawla.com
           hsharp@lawla.com
**Attorneys for Evanston Insurance Company**